## WEISCHSELBAUM COMPANY *v.* POPE.

Even if the affidavit of foreclosure be treated as sufficient, the plaintiff was only entitled to a lien on the products of defendant's sawmill in Washington county ; and according to the only evidence in the case the property levied on was manufactured at his mill in Johnson county ; and the verdict finding it not subject was demanded by the evidence.

Argued November 26, — Decided December 10, 1903.

Levy and claim. Before Judge Lewis. Laurens superior court. April 6, 1903.

For the purpose of foreclosing a sawmill lien under the Civil Code §§ 2809, 2816, Baum, as attorney in fact for Weischselbaum Company, made affidavit that Spivey, of Laurens county, was indebted to said company $1,575, which became due August 17, 1900 ; "and deponent claims a lien for said debt on . . 200 pieces of timber in the city of Dublin, Laurens county, 180 pieces of timber at Harrison, Ga., on the W. &. T. R. R. in Washington county, and 50 pieces more or less, on the road between defendant's mill in Washington county and Harrison said station. Also one sawmill . . located in Washington county near said station Harrison, Ga., and all fixtures, belting, and all tools connected and used in connection therewith ; one engine and boiler, . . and all lumber, timber, and products of said mill, now located at mill of said defendant in Washington county. Deponent shows the following facts upon which he bases his said claim of lien under the Code, sec. 2809, to wit : That on or about the 1st day of June, 1900, said deponent did contract with defendant to furnish said defendant for the use of said sawmill, and that deponent did furnish said provisions to the amount above stated, according to his contract as aforesaid. Since said debt became due deponent has made personal demand for the payment thereof upon defendant, who refuses to pay the same. Wherefore this deponent now comes, within one year from the date that said debt became due, and prosecutes his lien pursuant to the provisions of the Civil Code of Georgia, sec. 2816." The affidavit was made and the execution issued on December 6, 1900. On the same day it was levied on " 162 sticks of sawed timber, 73 sticks of said sawed timber being rafted, the rest on the side of track of W. & T. R. R. ; also 38 sticks of hewn timber lying near the switch of the W.

& T. R. R." To this levy Pope interposed a claim. At the trial there was evidence tending to show that he had advanced money to Spivey, taking bills of sale to certain timber as security; and that before the foreclosure of the lien, and without notice by him that Spivey was indebted to Weischselbaum Company, Pope had purchased the timber levied on, in satisfaction of his debt. The plaintiff in fi. fa. contended that there had been no complete sale to Pope, and that in any event he was not a bona fide purchaser, the consideration being an antecedent debt. Spivey testified : " This lumber levied on was manufactured at my mill in Johnson county." At the conclusion of the evidence the court directed the jury to find the property not subject to the execution. A motion for a new trial, made by the plaintiff in fi. fa., on the general grounds, was overruled, and it excepted.

*W. C. Davis, C. A. Weddington,* and *James K. Hines,* for plaintiff. *P. L. Wade,* contra.

LAMAR, J. The affidavit of foreclosure was certainly irregular, if not fatally defective. There is not only no allegation that the timber levied on was the product of the mill in Washington county, for the use of which the provisions were furnished, but it is not even set out that they were supplied by Weischselbaum Company, the allegation being that " deponent [Baum] did furnish said provisions," and " deponent [Baum] claims a lien for said debt." But, irrespective of any question as to the sufficiency of the affidavit of foreclosure, it affirmatively appears from the testimony of Spivey that the lumber levied on was manufactured at his mill in Johnson county. This being true, the plaintiff had no lien on the property seized, and the verdict finding it not subject was demanded by the evidence. Civil Code, §§ 2809, 2816.

*Judgment affirmed. All the Justices concur.*